IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathanael L. Reynolds, | ) | C/A No.: 4:15-695-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Sheriff John H. Bartell, Jr.; Investigator Kennedy; and Officer W. Jackson, #310, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nathanael L. Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He sues former Williamsburg County Sheriff John H. Bartell, Jr. and Williamsburg County Sheriff's Department ("WCSD") officers Kennedy and Jackson (collectively "Defendants"). This matter is before the court on Defendants' motion for summary judgment. [ECF No. 19]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 20]. The motion having been fully briefed [ECF No. 22], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends

Defendants' motion for summary judgment [ECF No. 19] be granted.

I.     Factual Background

On May 14, 2014, Jackson was dispatched to 7 Candy Lane in Kingstree, South Carolina in response to reports of a shootout. [ECF No. 19-2 at 9]. According to the incident report, Shaquetta Mouson told Jackson that Plaintiff threatened to kill her before he pulled a gun out and began shooting as he ran toward the woods. [ECF No. 19-2 at 9]. Jackson then spoke with Terrance Graham, who witnessed what happened and told Jackson that Plaintiff was upset that Mouson did not want to be with him anymore. *Id*. Graham told Jackson that Plaintiff shot three or four times as he was running toward the woods. *Id*. Jackson obtained an arrest warrant and arrested Plaintiff. [ECF No. 19-2]. Plaintiff alleges he was arrested within ten minutes of the shooting. [ECF No. 1 at 3].

Plaintiff alleges that, at his preliminary hearing on August 28, 2014, Jackson brought him to a private room and informed him that witnesses had said that "Plaintiff indeed was the victim in a shooting by Terrance Graham." *Id*. at 4. Plaintiff states that Jackson tried to persuade Plaintiff to plea to a lesser charge, but he refused. *Id*. Plaintiff's preliminary hearing was continued because his attorney was late, and he received a bond hearing on October 24, 2014. *Id*. Plaintiff states that at his bond hearing, "he brought all facts out about his case . . . and did v[i]ndicate himself of all falsified charges. *Id*. at 5. On November 14, 2014, the solicitor dismissed the charges against Plaintiff for "conflicting, contradictory evidence." [ECF No. 19-2 at 14–17].

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

   1.   Eleventh Amendment Immunity

Defendants argue that, to the extent Plaintiff sues them for monetary damages in their official capacities, they are immune from suit. [ECF No. 19-1 at 3]. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.,* 242 F.3d 219, 222 (4th Cir. 2001).

In the state of South Carolina, county sheriffs and their deputies are State employees. *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n. 1 (S.C. 2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992). Defendants were all employees of the WCSD at the time of the incident, and are therefore entitled to immunity in their official capacities from Plaintiff's claims for monetary damages. *See,*

*e.g., Barrett v. Brook*, No. 4:00-2967-19BF, 2001 WL 34684725 at *10 (D.S.C. Sept. 28, 2001).

### 2.     False Arrest

In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest); *see also Dorn v. Town of Prosperity*, No. 08–2005, 2010 WL 997175 (4th Cir. March 18, 2010). Therefore, Defendants are entitled to summary judgment for Plaintiff's false arrest claim.

### 3.     Malicious Prosecution

Plaintiff also appears to state a claim for malicious prosecution. *See Brooks*, 85 F.3d at 182 ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution."). "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, the Fourth Circuit has explained that a malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure that incorporates certain elements of the common law tort. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). To state such a claim, a plaintiff must allege that the defendants (1) caused (2) seizure of the plaintiff pursuant to legal process unsupported by probable

cause, and (3) criminal proceedings terminated in his favor. *Id*. (citation omitted).

While Plaintiff has met the first and third elements for malicious prosecution, he cannot meet the second element. The record before the court shows that Jackson interviewed the witnesses, who informed him that Plaintiff had fired the shots. [ECF No. 19-2 at 9]. Although Plaintiff alleges Defendants should have conducted a field test to check for gun powder [ECF No. 1 at 3], there is no such requirement. The local magistrate found that probable cause existed and accordingly issued the warrant. [ECF No. 19-2 at 3–8]. Plaintiff provides no evidence that Defendants maliciously sought to prosecute him by knowingly providing false information to secure the warrant. Instead he merely questions the sufficiency of their efforts. Plaintiff admits that Jackson was forthright in informing Plaintiff of conflicting witness statements. [ECF No. 1 at 4]. However, while the existence of conflicting statements may relate to the sufficiency of evidence to prove the elements of the crime, it does not show that there was not probable cause at the time of arrest. *See, e.g., Daly v. Zobel*, C/A No. 2:06-1733-DCN, 2007 WL 1703505, *7 (D.S.C. June 8, 2007) (finding that plaintiff had not met his burden of showing a lack of probable cause by attacking the sufficiency of the evidence).[1] As such,

---

[1] Although the parties have not mentioned it, it appears that Plaintiff was indicted by the grand jury for at least some of the charges stemming from the shooting incident. See http://publicindex.sccourts.org/Williamsburg/PublicIndex/CaseDetails.aspx?County=45&CourtAgency=45001&Casenum=2014A4510100463&CaseType=C (last visited December 23, 2015). "A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983." *Provet v. South Carolina*, No. 6:07-1094-GRA-MC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (citing *Gatter v. Zappile*, 67 F.Supp.2d 515, 519 (E.D.Pa. 1999), aff'd 225 F.3d 648 (3d Cir. 2000); *see also Whitner v. Duke Power*, 288 S.E.2d 389 (1982) ("[A] true bill of indictment is prima facie evidence of probable cause in an action for

Plaintiff cannot maintain a § 1983 action for malicious prosecution against Defendants.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 19] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 23, 2015                                          Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

malicious prosecution.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).